UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Deanna Sue Konz, | Case No. 23-cv-0679 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Dawanna S. Witt, et al., | |
| Respondents. | |

Petitioner Deanna Sue Konz has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) challenging her pretrial bail as unconstitutional under the Eighth Amendment. (Dkt. No. 1). This matter is currently before the Court for a report and recommendation on that Petition.

This Court previously ordered Respondent to file an Answer to the Petition. (Dkt. No. 6). The Court also ordered Petitioner to sign her habeas petition and supplemental affidavit, failing which it would be recommended that the unsigned documents be stricken pursuant to Fed. R. Civ. P. 11(a). (Dkt. No. 7). In accordance with that Order, Petitioner filed the executed signature pages of the Petition and supplemental affidavit. (Dkt. No. 10). Petitioner also filed a Complaint and Request for Injunction, *see* (Dkt. No. 11), and Motion for Preliminary Injunction, *see* (Dkt. No. 13). Respondents filed an Answer to the Petition and memorandum in support, *see* (Dkt. Nos. 14-15). Petitioner then filed a self-styled "Verified Emergency Petition for Preliminary Injunction," (Dkt. No. 17), and a second "Complaint and Request for Injunction," *see* (Dkt. No. 20). United States District Court Judge Eric C. Tostrud denied Petitioner's motions for preliminary injunctive relief. *See* (Dkt. No. 21).

Petitioner's deadline for filing a reply to Respondents' Answer has long passed. Petitioner's habeas petition is therefore now ripe for the Court's consideration. And for the reasons outlined below, this Court recommends that the Petition be denied and that this matter be dismissed without prejudice.

## I.   Background

Petitioner's habeas claims stem from a contentious custody battle. *See Konz v. Konz*, Case No. 27-FA-19-4475 (Minn. Dist. Ct.). Among other things, Petitioner evidently objected to the state family court's order granting R.K., Petitioner's estranged husband and their minor children's father, authority to vaccinate their minor child, H.K. *See* (Dkt. No. 2). But rather than seek further judicial review of this order or pursue any legal process, Petitioner chose not to return H.K. to R.K. at the end of her court-ordered parenting time. *Id.* The state family court judge subsequently issued an order suspending Petitioner's parenting time indefinitely and directing her to return H.K. to R.K.'s care immediately. (Findings and Order, Dkt. No. 15-1, p. 79). The order also authorized law enforcement to "enforce [the] order by whatever means necessary, including but not limited to immediately taking custody of [H.K.] . . . ." *Id.*

Law enforcement located H.K. with Petitioner, who was arrested and charged with one felony count of Deprive Another of Custody or Parental Rights in violation of Minn. Stat. § 609.26 subd. 1(1). *See State v. Konz*, Case No. 27-CR-22-16849 (Minn. Dist. Ct.) (*Konz I*). Petitioner posted bail: $20,000 with conditions, one of those conditions being, unsurprisingly, that she have no contact with her minor daughter. (Trans., Dkt. No. 15-1, pp. 8-12). Although she agreed to these conditions of release, a short while later, Petitioner located her daughter, H.K., and absconded with her. (Findings of Fact,

2

Conclusions of Law, Order for Judgment and Judgment and Decree, Dkt. No. 15-1, p. 86). A warrant was then issued for Petitioner's arrest for violating the conditions of her release in Case No. 27-CR-22-16849. *Konz I* (Index #20). Petitioner was also charged again with deprivation of custodial rights, a felony, and a separate warrant for her arrest on this charge was issued. *See State v. Konz*, Case No. 27-CR-22-20336 (Minn. Dist. Ct.) (*Konz II*).

Petitioner was arrested on these warrants over three weeks later in Kentucky. (Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree, Dkt. No. 15-1, p. 86). At her bail hearing in Minnesota, the state district court judge set bail at $500,000 cash or $200,000 with conditions. (Conditional Release Order, Dkt. No. 15-1, p. 35). Since that time, Minnesota state court records show that Petitioner has made multiple requests for a bail reduction. *See, e.g.*, *Konz I* (Index #28, #33, #47, #50). Those requests have been denied. Petitioner has not appealed those orders.

On March 6, 2023, the state trial court stayed the criminal proceedings and ordered Petitioner to undergo a psychological evaluation concerning her competency to participate in those criminal proceedings pursuant to Minn. R. Crim. P. 20.01. *Konz I* (Index #57). Following that evaluation, the state trial court found Petitioner incompetent. *Id.* (Index #66). She was subsequently civilly committed as mentally ill. *In re Konz*, Case No. 27-MH-PR-23-430 (Minn. Dist. Ct.) (Index # 29). Petitioner remains subject to a civil commitment order. *Id.* Petitioner also remains in custody subject to pretrial bail in her criminal cases. *See Konz I* (Index #88-90); *Konz II* (Index #51-53).

## II. Habeas Petition

Petitioner's habeas petition asserts one claim: that her bail is excessive in violation of her constitutional rights. (Dkt. 1). She requests immediate release. *Id.* Respondents contend that her petition should be denied—and this matter dismissed—because Konz failed to first exhaust available state court remedies pursuant to 24 U.S.C. § 2254(d) and, on the merits, her bail is not excessive in violation of the Eighth Amendment. (Dkt. 15). This Court largely agrees.

### A. Exhaustion of State Court Remedies

Petitioner filed her habeas petition pursuant to 28 U.S.C. § 2241, which provides, in pertinent part, that –

> The writ of habeas corpus shall not extend to a prisoner unless –
>
> > (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(3).

Contrary to 28 U.S.C. § 2254, section 2241 does not include a *statutory* exhaustion requirement.[1] Even so, "federal courts have consistently recognized that the principles

---

[1] Pursuant to 28 U.S.C. § 2254, a federal court has authority to consider a habeas petition on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254, therefore, is the traditional federal remedy for state court inmates challenging their post-conviction detention. *See Sharkey v. Von Wald*, Case No. 09-cv-0900, 2009 WL 1409243, at * 2 (D. Minn. May 20, 2009) (citing *Dickerson v. State of Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (concluding that petitioner's petition under 28 U.S.C. § 2254 "is improper because that section applies only to post-trial situations . . . .")). Because Petitioner challenges her pre-trial detention, section 2254 is inapplicable here. *Id.* (citing *Dickerson*, 816 F.2d at 224 ("Pre-trial petitions . . . are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case against him.")). Rather, as Petitioner has properly identified, this Court considers her petition under 28 U.S.C. § 2241.

of comity and federalism require state pre-trial detainees to present their constitutional claims in state court before seeking federal habeas corpus relief under § 2241." *Sharkey*, 2009 WL 1409243, at * 2 (listing cases).

Here, Petitioner challenges the state trial court order imposing bail and conditions of release. In Minnesota, a criminal defendant, such as Petitioner, "cannot appeal until the district court enters an adverse final judgment, *but may appeal from an order refusing or imposing conditions of release*." Minn. R. Crim. P. 28.02 subd. 2(2)(a) (emphasis added). Petitioner has not done so. Thus, Petitioner has not yet begun—let alone exhausted—her state court remedies. Petitioner's habeas petition should be denied on this basis alone.

Notwithstanding Petitioner's failure to first exhaust state remedies, the Supreme Court has cautioned federal courts from interfering with pending state judicial proceedings absent "extraordinary circumstances." *Harmon v. City of Kansas City*, 197 F.3d 321, 325 (8th Cir. 1999) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). The United States Court of Appeals for the Eighth Circuit, moreover, has held that "absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." *Sharkey*, 2009 WL 1409243, at *3 (quoting *Sacco v. Falke*, 649 F.2d 634, 636 (8th Cir. 1981)).

There are no such extraordinary circumstances here. Federal courts have recognized "exceptional circumstances" warranting federal intervention notwithstanding an ongoing state criminal proceeding in habeas petitions asserting violations of the Double Jeopardy Clause, *see Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992), and

the criminal defendant's right to a speedy trial, *see Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973).  Petitioner asserts no such claim.  But even with respect to claims qualifying as "exceptional circumstances," the petitioner must nevertheless first exhaust his state court remedies.  *See Sharkey*, 2009 WL 1409243, at *4 (citing *Dickerson*, 816 F.2d at 228 (petitioner's speedy trial claim could be reviewed in federal court before trial, "provided that the state courts have had an opportunity to rule on the issue")).  As noted elsewhere, Petitioner has not pursued her state court remedies—let alone exhausted them.  Thus, even if the "exceptional circumstances" exception to the general rule prohibiting federal courts from interfering with ongoing state criminal proceedings applied here (which it does not), Petitioner's habeas claims would nevertheless fail because she has not first exhausted—or pursued—her state court remedies.

### B.   Excessive Bail

Setting aside Petitioner's failure to first exhaust her state court remedies, Petitioner's claim fails on the merits.

The Eighth Amendment to the United States Constitution provides, in pertinent part, that "[e]xcessive bail shall not be required, nor excessive fines imposed . . . ." U.S. Const. amend. VIII.  "[P]risoners are entitled to habeas corpus relief for excessive bail only when the state court acted with 'legal arbitrariness in the administration of the bail right provided.'" *Senty-Haugen v. Dingle*, Case No. 02-cv-574, 2002 WL 1347325, at *2 (D. Minn. June 18, 2002) (quoting *Mastrian v. Hedman*, 326 F.2d 708, 711 (8th Cir. 1964)).  "In determining bail, a federal court does not substitute its judgment for that of

the state court's, unless the amount 'is beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation.'" *Id.*

In this case, it is uncontroverted that after Petitioner was first charged with one felony count of Depriving Another of Custodial or Parental Rights in violation of Minn. Stat. § 609.26 for allegedly depriving R.K. of his custodial rights of their minor daughter, Petitioner posted $20,000 bond and was subject to court-ordered terms of conditions of release. (Tr., Dkt. No. 15-1, pp. 8-12). Those conditions included "no contact with any alleged victim, no contact with [Petitioner's] former husband who's the father of the child. The only contact with the child would then – the State would indicate would be through a subsequent juvenile or Family Court order." *Id.* at p. 11. Despite posting bail and agreeing to the terms of her release, Petitioner was subsequently charged the second time with two felony counts of Depriving Another of Custodial or Parental Rights in violation of Minn. Stat. § 609.26 for allegedly taking the minor child again without R.K.'s—or the Court's—permission. (Compl., Dkt. No. 15-1, p. 14). Petitioner and the minor child were ultimately located two weeks later in Kentucky. (Findings of Fact, Conclusions of Law, Order for Judgment and Judgment and Decree, Dkt. No. 15-1, p. 86). While she was gone, she also missed court on her first felony charge. *See Konz I* (Index #20). In sum, Petitioner violated the conditions of release, absconded to a different state with the minor child, missed court, and committed a new offense. When she appeared in state court on her warrants, the state trial court set bail as follows:

> $500,000 with no conditions; $200,000 with conditions. Conditions are to obey all laws, attend all court appearances, no direct or indirect contact with R.K. or H.K., no possession of any firearms or ammunition or any other item that may be used as a weapon.

(Conditional Release Order, Dkt. No. 15-1, p. 35).

7

Given these circumstances, there is no reason to believe that Petitioner's bail is beyond the range that a reasonable jurist could impose in this case. Thus, Petitioner's habeas petition should also fail on the merits.

### III. Amended Complaints

One final matter requires further discussion. In addition to the Petition, Petitioner filed two documents entitled "Complaint and Request for Injunction." (Dkt. Nos. 11, 20). The "Complaint and Request for Injunction" filed second in time, (Dkt. No. 20), is identical to the first except that it terminates "PD Khan, Public Defender Supervisor" as a defendant. In any event, the claim is the same—that Petitioner's constitutional right to proceed *pro se* in her criminal cases was violated. For relief, Petitioner requests an "expedited, preliminary injunction" halting the state court civil commitment proceedings. (Dkt. No. 11, 20). That relief has already been denied. (Dkt. No. 21). To the extent that Petitioner seeks to add this claim to her habeas petition, this claim is unavailing for at least two reasons.

First, this claim was not raised in Petitioner's petition. *Id.* The Respondents, therefore, did not respond to it. Thus, this claim is not properly before the Court and should be dismissed for that reason alone. *See Smith v. United States*, 256 F. App'x 850, 852 (8th Cir. 2007) ("district court did not err in dismissing claims raised for the first time in a § 2255 reply brief") (citing *Hohn v. United States*, 193 F.3d 921, 923-24, n.2 (8th Cir. 1999) (declining to address claims raised for the first time in a § 2255 reply brief)). Second, Petitioner has plainly not exhausted—or even pursued—her state court remedies with respect to this claim. Accordingly, this claim should also be dismissed.

8

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1. Petitioner Deanna Sue Konz's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) be **DENIED.**

2. That this action be **DISMISSED WITHOUT PREJUDICE**.

Dated: February 28, 2024     __s/David T. Schultz_____
                              DAVID T. SCHULTZ
                              U.S. Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).